UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

FABIOLA MUNOZ,

    Plaintiff,

v.

OIKOS NORTH, LLC and JERRY &
JOE'S PIZZA, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues OIKOS NORTH, LLC and JERRY & JOE'S PIZZA, INC. (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, OIKOS NORTH, LLC, owned and operated a

commercial retail center at 4751 Palm Avenue, Hialeah, Florida 33012 (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade County, Florida.

6. At all times material, Defendant, OIKOS NORTH, LLC, was a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7. At all times material, Defendant, JERRY & JOE'S PIZZA, INC., owned and operated a commercial restaurant at 4799 Palm Avenue, Hialeah, Florida 33012[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade County, Florida. Defendant, JERRY & JOE'S PIZZA, INC., holds itself out to the public as "Jerry & Joe's Pizza."

8. At all times material, Defendant, JERRY & JOE'S PIZZA, INC., was a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

10. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the

---

[1] This address is located within the commercial retail center owned and operated by landlord Defendant, OIKOS NORTH, LLC, located at 4751 Palm Avenue, Hialeah, Florida 33012.

Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA. FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

14. Defendant, OIKOS NORTH, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

15. The subject Commercial Property is open to the public and is located in Miami-Dade County, Florida.

16. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, to include a visit to the Commercial Property and business located within the Commercial Property on or about July 7, 2021 encountering multiples ADA violations that directly affected her ability to use and enjoy the Commercial Property and the business located therein. She often visits the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately twenty-six (26) miles from her residence. She plans to return to the Commercial Property and the business located therein within two (2) months from the filing date of the complaint. More specifically Plaintiff intends to revisit on or before October 23, 2021.

17. Plaintiff resides nearby in a the same County and the same state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to her home and other businesses that she frequents as a patron, and intends to return to the Commercial Property and the business located within the Commercial Property within two (2) months from the filing of this Complaint. More specifically Plaintiff intends to revisit on or before October 23, 2021.

18. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue her patronage and use of the commercial premise and business located therein.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the business located within the Commercial Property have denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

20. Defendants, OIKOS NORTH, LLC and JERRY & JOE'S PIZZA, INC., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, OIKOS NORTH, LLC and JERRY & JOE'S PIZZA, INC., are responsible for complying with the obligations of the ADA. Defendants,

OIKOS NORTH, LLC and JERRY & JOE'S PIZZA, INC., own and operate a business and place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The place of public accommodation that Defendants, OIKOS NORTH, LLC and JERRY & JOE'S PIZZA, INC., own and operate is located at 4751 Palm Avenue, Hialeah, Florida 33012.

21. Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail herself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure herself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

22. Defendant, OIKOS NORTH, LLC, as landlord and owner of the Commercial Property, and JERRY & JOE'S PIZZA, INC., as tenant and owner and operator of the business, are jointly and severally responsible and liable for all ADA violations listed in this Complaint.

23. Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the

Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO OIKOS NORTH, LLC

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendant, OIKOS NORTH, LLC, has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

  A. Parking Lot and Accessible Route

  i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii. The Plaintiff had difficulty travel to the building from parking lot. Violation: There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 206.2, 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II – ADA VIOLATIONS**
**AS TO OIKOS NORTH, LLC AND JERRY & JOE'S PIZZA, INC.**

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, OIKOS NORTH, LLC AND JERRY & JOE'S PIZZA, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

    A. Access to Goods and Services

i. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. Cashier Counter

i. The cashier counter is mounted above the required height. Violation: Counter is mounted over 36" above the finished floor violating Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    C. Public Restroom

i. The Plaintiff could not enter the restroom area without assistance, as the required door clear width is not provided. Violation: Doorway opening does not have the required clear width violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not locked the restroom without assistance, as the door has a non-compliant

hardware. Violation: Non-compliant door locking hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not enter the restroom without assistance, as the door has a non-compliant hardware. Violation: Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the toilet without assistance, as it is mounted outside the required distance from the side wall. Violation: Water closet is mounted in a non-compliant distance from the sidewall. Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the toilet without assistance, as it flush control is mounted towards the wall side. Violation: Water closet flush control is not mounted on the open side of the water closet. Sections 4.16.5 of the ADAAG and Sections 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards.

vii. The Plaintiff could not transfer to the toilet without assistance, as the side grab bar and the rear grab bar are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided. Violation: Restroom does not provide the required accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards.

ix. The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. Violation: Lavatory encroaches over the restroom door not providing the required maneuvering clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The Plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The Plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The Plaintiff could not use the lavatory without assistance, as faucets required tight grasping. Violation: Lavatory knob-type faucet requires pinching and tight grasping to operate. Section 4.19.5 of the ADAAG and Section 606.4 of the 2010 ADA Standards, whose resolution is readily

achievable.

xiv. The Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. Violation: The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

28. The discriminatory violations described in Counts I and II of this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33.  Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 4751 Palm Avenue, Hialeah, Florida 33012, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, FABIOLA MUNOZ, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 1, 2021

                                                **GARCIA-MENOCAL & PEREZ, P.L.**
                                                *Attorneys for Plaintiff*
                                                4937 S.W. 74th Court
                                                Miami, Florida 33155
                                                Telephone: (305) 553-3464
                                                Facsimile: (305) 553-3031
                                                Primary E-Mail: ajperez@lawgmp.com
                                                Secondary E-Mails: bvirues@lawgmp.com
                                                dperaza@lawgmp.com

By:     */s/ Anthony J. Perez*
                  ANTHONY J. PEREZ
                  Florida Bar No.: 535451
                  BEVERLY VIRUES
                  Florida Bar No.: 123713